IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


THE CHILDREN'S CLINIC, P.C.,                   CV 05-1023-BR
an Oregon Professional
corporation,                                           OPINION AND ORDER

       Plaintiff,

v.

HARTFORD FIRE INSURANCE COMPANY,
a Connecticut corporation; and
AMERICAN MANUFACTURERS MUTUAL
INSURANCE COMPANY, an Illinois
corporation,

       Defendants.


THOMAS H. TONGUE
BRIAN R. TALCOTT
KJERSTEN H. TURPEN
Dunn Carney Allen Higgins & Tongue LLP
851 S.W. Sixth Avenue, Suite 1500
Portland, OR  97204
(503) 224-6440

       Attorneys for Plaintiff

**WILLIAM G. EARLE**
**ELIZABETH E. LAMPSON**
Davis Rothwell Mullin Earle & Xochihua P.C.
1300 S.W. Fifth Avenue, Suite 1900
Portland, OR  97201
(503) 222-4422

**CLAY H. PHILLIPS**
**ALISON L. MINER**
Bollinger, Ruberry & Garvey
500 West Madison Street, Suite 2300
Chicago, IL 60661
(312) 466-8000

     Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion to Remand Case to State Court or Alternatively for Order of Default (#7).  Plaintiff also seeks an award of attorneys' fees and costs incurred as a result of Defendant's removal of the action to this Court.

For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Remand and **GRANTS** Plaintiff's request for an award of attorneys' fees and costs.

### BACKGROUND

Plaintiff filed its Complaint in state court on May 26, 2005.  Defendant American Manufacturers Mutual Insurance Company (AMM) filed a Notice of Removal in this Court on June 30, 2005.  In its Notice of Removal, AMM admits both Defendants were served

2 - OPINION AND ORDER

with process on May 31, 2005. AMM also states it contacted Defendant Hartford Fire Insurance Company and attempted to obtain Hartford's position on removal of this action. Hartford did not have any record of Plaintiff's Complaint, however, and did not join in or consent to removal.

## STANDARDS

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

## DISCUSSION

### I. Removal Was Improper.

Plaintiff argues this action must be remanded to state court because all Defendants did not join in the petition for removal.

Under 28 U.S.C. § 1446(a), all proper defendants are required to join or to consent to the removal notice. *Id.* at 1266. *See also Emrich v. Touch Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). There are exceptions to this rule for defendants who have not been served, unknown defendants, and fraudulently joined defendants. *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

Even though AMM plainly states in its Notice of Removal that

3 - OPINION AND ORDER

Hartford was served in the state action and did not join in the removal, AMM, nonetheless, contends the "unserved defendant" exception applies because Hartford was unaware it had been served with the Complaint when AMM contacted Hartford regarding removal. AMM relies on *Milstead Supply Co. v. Casualty Ins. Co.* to support its contention and argues courts have extended the "unserved defendant" exception by distinguishing between those defendants who were actually served and those defendants who the removing defendants knew or should have known had been served. 797 F. Supp. 569, 573 (W.D. Tex. 1992).

In this instance, however, the court's ruling in *Milstead Supply* does not help AMM because AMM admits it knew Hartford had been served at the time AMM filed its Notice of Removal. Nonetheless, AMM argues this Court should extend the exception to apply when the removing defendant is unable to obtain the consent or joinder of all defendants despite its best efforts. AMM, however, does not cite any authority for such an extension of the "unserved defendant" exception.

As noted, the Court must strictly construe the removal statute and resolve any doubt about the right of removal in favor of remand. Having done so, the Court concludes the "unserved defendant" exception does not apply under the facts presented here.

Accordingly, removal was improper because AMM failed to

obtain joinder or consent of all Defendants to removal and no exceptions apply.

## II. Plaintiff Is Entitled to Reasonable Attorneys' Fees and Costs.

28 U.S.C. § 1447 (c) provides in part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A finding of bad faith is not required to justify an award of attorneys' fees pursuant to § 1447(c). *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

The law requiring joinder in or consent to removal of all defendants is well-settled. Although AMM was aware that Hartford had been served, it proceeded with its Notice of Removal in spite of its failure to obtain Hartford's consent or joinder. In turn, Plaintiff was required to incur otherwise unnecessary costs to address AMM's defective removal and this Court's consequent lack of jurisdiction. The Court, therefore, in its discretion, finds Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred as a result of Defendant's removal of this action to this Court.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion to Remand Case to State Court (#7) and **REMANDS** this action to state

court. The Court retains jurisdiction to determine Plaintiff's reasonable attorneys' fees and costs.

Plaintiff's Petition for Attorneys' Fees and Costs is due no later than October 17, 2005. Defendant's response is due no later than October 24, 2005. No reply will be permitted.

IT IS SO ORDERED.

DATED this 6th day of October, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge